

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# USA v. Campos

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Campos" (2007). *2007 Decisions.* Paper 1615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2063
_____

UNITED STATES OF AMERICA

v.

JOSEPH CAMPOS,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cr-00617)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
February 12, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DIAMOND,[*] *District Judge*.

(Filed: February 15, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*

_____

[*]The Honorable Gustave Diamond, United States District Judge for the Western District of Pennsylvania, sitting by designation.

Joseph Campos was convicted and sentenced to 74 months imprisonment for illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The District Court determined by a preponderance of the evidence that he had possessed the firearm during an attempted robbery and applied a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(5).[1] Campos now challenges the District Court's decision to resolve disputed facts regarding this enhancement using the preponderance of the evidence standard, rather than requiring proof beyond a reasonable doubt. He also argues that the sentencing enhancement was erroneously applied. Because the standard used by the District Court was proper and its factual determination is not clearly erroneous, we will affirm the sentence imposed by the District Court.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On May 12, 2005, Officer Darrell Hall and other members of the Atlantic City Police Department were conducting surveillance of the Berkley Gardens Apartments, where drug dealing and robberies were common. Officer Hall watched as Campos and Lamont Mitchell entered the apartment complex and covered their faces with white t-shirts. Campos then removed a handgun from his

---

[1]Section 2K2.1(b)(5) was renumbered in November 2006, and is now § 2K2.1(b)(6). *See* U.S. Sentencing Guidelines Manual § 2K2.1. Because this case is based on the Guidelines as they existed before November 2006, we use the numbering that existed prior to the change.

waistband and held it down alongside his leg. Mitchell also took out a handgun that he held with both hands in a low position. Officer Hall then saw Campos enter a stairwell while Mitchell stood watch. Campos left the stairwell shortly, and both men got into a blue minivan parked near the building and drove away.

As this was taking place, Officer Hall radioed for backup. The van was stopped by police soon after it left the apartment complex, and a firearm was found on Campos's person.

Campos was brought to police headquarters, where he was interviewed by Officer Hall. He admitted to having the gun in his possession, and provided a written statement to that effect. Officer Hall testified that, upon further questioning, Campos told him that "he had received a phone call that there was a joker in there [the Berkley Gardens Apartments] with 5K [$5,000] on him, and he was going there to take it." Campos refused to put this statement in writing, but it was included in Officer Hall's incident report. The report was reviewed and approved by Sergeant Love, who was also present during the interview.

On August 17, 2005, Campos was charged under a federal criminal indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty on November 3, 2005. The United States Probation Office submitted a Presentence Investigation Report recommending a Guidelines range of 77 to 96 months. Its calculation included a four-level enhancement because Campos had possessed the firearm in connection with another felony offense; in this case, attempted armed robbery.

3

At sentencing, Campos objected to the four-level enhancement. The District Court heard the testimony of Officer Hall about his surveillance of the apartment complex and his interview of Campos. The District Court found this testimony credible, and concluded by a preponderance of the evidence that Campos had possessed a firearm in conjunction with the commission of an attempted robbery. After considering the factors listed in 18 U.S.C. § 3553(a), it sentenced him to 74 months imprisonment. This appeal followed.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Campos first argues that the District Court violated his due process rights when it concluded that the disputed facts at sentencing, which amounted to the finding of a separate criminal offense, did not need to be found beyond a reasonable doubt. Questions of law like this one are subject to *de novo* review. *See*, *e.g.*, *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005). We recently settled this question in *United States v. Grier*, -- F.3d --, 2007 WL 315102 (3d Cir. Feb. 5, 2007), where the "primary issue" was "whether the Due Process Clause requires facts relevant to enhancements under the United States Sentencing Guidelines, particularly those that constitute a 'separate offense' under governing law, to be proved beyond a reasonable doubt." *Id.* at *3. We concluded that it did not:

> [f]acts relevant to application of the Guidelines – whether or not they constitute a "separate offense" – do not [increase the statutory maximum punishment to which the defendant is exposed]. They inform the district court's discretion without limiting its authority. They therefore do not

4

constitute "elements" of a "crime" under the rationale of *Apprendi* and do not implicate the rights to a jury trial and proof beyond a reasonable doubt.

*Id.* at *8 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (internal citations omitted). Thus, the District Court's use of the preponderance of the evidence standard to determine whether or not the four-level enhancement was applicable did not violate Campos's due process rights.

Next, Campos argues that, even under a preponderance of the evidence standard, there was insufficient evidence to support the District Court's finding that he was engaged in an attempted robbery while he possessed the firearm. We review the District Court's factual findings for clear error. *United States v. Loney*, 219 F.3d 281, 288 (3d Cir. 2000).

Under § 2K2.1(b)(5) of the United States Sentencing Guidelines, a defendant's offense level may be increased by four levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Application Note 7 to § 2K2.1 defines a "felony offense" as "any offense (federal, state, local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."

Here, the District Court heard Officer Hall's testimony and determined by a preponderance of the evidence that Campos was engaged in attempted robbery when he was found in possession of the firearm. This finding is not clearly erroneous. Officer Hall testified that Campos told him during his post-arrest interview that "he had received

5

a phone call that there was a joker in there [the Berkley Gardens Apartments] with 5K [$5,000] on him, and he was going there to take it."[2]  Officer Hall's observations of Campos were consistent with this admission.  Campos placed a white t-shirt over his face to disguise his identity, and quickly entered and exited the apartment complex with a gun drawn as Mitchell served as a lookout.  The two men then fled in a van.  Although Campos's statement about the attempted robbery was not included in his written admission, Officer Hall's credibility was buttressed by the fact that his testimony was consistent with dispatch records from that evening.  Thus, we are unable to conclude that the District Court's finding that Campos was engaged in attempted robbery while in possession of the firearm is clearly erroneous.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[2]Campos argues that this statement was hearsay and thus not properly considered by the District Court.  However, it is not correct to characterize the pretrial statement of a defendant offered by the Government at a sentencing hearing as hearsay.  *See* Fed. R. Evid. 801(d)(2).  Even if it were, the Federal Rules of Evidence do not apply in sentencing proceedings.  *See* Fed. R. Evid. 1101(d)(3).